T.C. Memo. 2003-220

UNITED STATES TAX COURT

GEORGE N. AHMAOGAK AND MAGGIE AHMAOGAK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10849-01.          Filed July 23, 2003.

Mason D. Morisset, for petitioners.

Lisa M. Oshiro, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Lewis R. Carluzzo pursuant to section 7443A(b)(5) and Rules
180, 181 and 183.[1]  The Court agrees with and adopts the opinion
of the Special Trial Judge, which is set forth below.

_____

    [1] Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended.  Rule references are
to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

CARLUZZO, Special Trial Judge:  On February 28, 2001, respondent issued a notice of final determination denying in part petitioners' request to abate interest on their 1989 Federal income tax liability.  In response to that notice, petitioners timely petitioned this Court for a review of respondent's denial. Our jurisdiction is established by section 6404(h).[2]  The issue for decision is whether respondent's failure to abate interest on petitioners' 1989 Federal income tax liability is an abuse of discretion.

## Background

Petitioners resided in Barrow, Alaska, at the time the petition was filed.  The facts in this case, all of which have been stipulated, are easily summarized.

Petitioners are husband and wife.  They filed a timely joint 1989 Federal income tax return.[3]  Computational errors were made on the return, and as a result the total tax liability reported on the return was understated.  A notice was sent to petitioners

---

[2]  Sec. 6404(h) was previously designated sec. 6404(i).  See Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2435.

[3]  The return has not been included in the record.  Details of the return are set forth in a document prepared by respondent's Appeals officer in response to petitioners' administrative claim for interest abatement.  The parties stipulated the truth of the factual portions of this document.

explaining the error and advising them they owed an additional $1,387.25, including interest of $35.08.

On May 29, 1991, respondent first notified petitioners that their 1989 return had been selected for examination. At the time, petitioners resided in Barrow, Alaska, and the revenue agent assigned to the examination was located in Fairbanks, Alaska. We cannot determine whether petitioners or anyone acting on their behalf met with the revenue agent during the examination. Because of the distance between petitioners' residence and the revenue agent's post of duty, there might have been some logistical complications in scheduling meetings, and there appear to have been some delays in the receipt of correspondence mailed between petitioners and the revenue agent.

The revenue agent's report was mailed to petitioners on December 16, 1991.[4] Having received no protest to the revenue agent's report by March 18, 1992, respondent began the process of preparing a notice of deficiency that was mailed to petitioners on March 23, 1992. In that notice of deficiency respondent determined a deficiency of $7,475 in petitioners' 1989 Federal

---

[4] This date is erroneously listed as "December 16, 1992" in the chronology of events prepared by the Appeals officer. Although an obvious error, petitioners make repeated references to the event as though it actually occurred in 1992.

income tax and imposed a section 6662(a) penalty of $1,495.[5]
The deficiency apparently results from, or is largely
attributable to, the disallowance of a claimed charitable
contribution deduction for the donation of whale meat to certain
native Alaskan tribal communities and the disallowance of
deductions for expenses incurred in connection with whaling
activity.

On August 17, 1992, the deficiency and penalty were
assessed, as was interest of $2,348.31.

On February 1, 1993, an untimely petition was filed with
this Court (docket No. 2198-93) in response to the above-
referenced notice of deficiency. Because the petition was not
filed within the period prescribed by section 6213(a), upon
respondent's motion that case was dismissed for lack of
jurisdiction on that ground on April 13, 1993.

Including tax, additions to tax, penalties, and interest, as
of March 26, 1993, all but $8.61 of petitioners' 1989 liability
had been paid. Because this amount is what respondent refers to
as "below tolerance", respondent did not issue a notice and
demand for the $8.61.

---

[5] A copy of the notice of deficiency has not been included
in the record, but it appears that in that notice respondent also
determined a deficiency in petitioners' 1988 Federal income tax.

On March 29, 1995, respondent received an amended 1989 Federal income tax return from petitioners. The amended return has not been included in the record, but apparently the deductions previously claimed and disallowed were increased, other deductions not claimed on the original return were claimed, and petitioners reported an income tax liability on the amended return that was less than the income tax liability reported on the original return. We cannot tell whether or how the amended return was processed.

By the time the amended return was filed, petitioners and other similarly situated taxpayers had cases pending in this Court in which they disputed the Commissioner's disallowances of deductions similar to the deductions that gave rise to the determination of petitioners' 1989 deficiency. Furthermore, legislation had been proposed that would have partially or fully allowed for the types of deductions in dispute in the Tax Court cases. These cases were held in suspense for several years pending enactment of the legislation; however, the proposed legislation was never enacted. The Tax Court cases were resolved by agreement during 2000 after further settlement negotiations with the Commissioner's Appeals Office (the settlement position).

The settlement position was applied to petitioners' 1990 year, which apparently had been examined before that time. As a

result, petitioners agreed to a deficiency and a section 6662(a) penalty totaling $3,506 for 1990.

On June 27, 2000, respondent received a payment of $3,506[6] from petitioners designated to be applied to their 1989 liability. The transmittal letter with which the payment was sent expressly references the year 1989. As a result of this payment, interest of $15.75 ($8.61 plus $7.14 in interest that had accrued from March 26, 1993, until July 14, 2000) was assessed and paid, leaving petitioners' account for that year overpaid by $3,490.25.

At the time the above-referenced transmittal letter and payment were received, respondent also received a Form 843, Claim for Refund and Request for Abatement, from petitioners (the abatement claim). Block 5 of the abatement claim is designated "Explanation and additional claims." Instructions following the designation direct the taxpayer to "Explain why * * * this claim should be allowed, and show computation of tax refund or abatement of interest, penalty or addition to tax." In the designated area following these instructions on the abatement claim, petitioners inserted the following:

---

[6] This amount is erroneously referred to as "$4,506" in a request for finding of fact included in respondent's brief. Petitioners, in their reply brief, agreed to respondent's erroneous request.

Our 1989 return was audited, brought to the Appeals Office, and in Tax Court. We have a good faith belief that delays occurred in preforming [sic] ministerial acts by an officer or employee of the Internal Revenue Service during that period. The occurance [sic] of such delays requires the abatement of the assessment of interest for those particular periods. Furthermore, throughout much of this period legislation was pending which would have substantially affected the treatment of specific deductions. Accordingly, the Service postponed consideration of these matters. Further, a death in the family of our legal counsel resulted in an additional delay in consideration of our case. In light of the ministerial delays, and as well as our reliance on the actions of Congress, the failure to abate interest in our circumstances would constitute grossly unfiar [sic] treatment and impose on us an undue hardship.

Elsewhere on the abatement claim, petitioners indicate that the amount to be "refunded or abated" is "approximately [$]2,400". In the area designated "Period--prepare a separate Form 843 for each tax period", petitioners entered "from March 8, 1993 to October, 1999." Try as we have, we are unable to appreciate the relevance of this period to the relief requested by petitioners either in the abatement claim or in this proceeding. Block 4a of the abatement claim provides for a check-the-box entry if the request is for abatement or refund of "interest caused by IRS errors or delays". This box is left blank, as is the following area where the "dates of payment" should have been inserted.

Despite its many infirmities, respondent considered the abatement claim as a request for abatement of all interest that had accrued with respect to petitioners' 1989 Federal income tax liability. As earlier noted, with the exception of $8.61, all of

that interest had been paid as of March 26, 1993.  By letter dated January 24, 2001, respondent notified petitioners that $7.14 of interest that accrued from March 26, 1993, to July 14, 2000, would be abated but denied petitioners' request for abatement of interest that had accrued before March 26, 1993.  By letter dated February 23, 2001, petitioners requested that respondent's Appeals Office reconsider the portion of their abatement claim that had been denied.  In this letter, petitioners identify "a number of delays", one of which erroneously lists the date of the revenue agent's report as December 16, 1992, when, in fact, as noted above, the report was issued on December 16, 1991.  The letter goes on to allege that petitioners' abatement claim (received by respondent on June 27, 2000) "was filed * * * shortly after assessment of the interest in this case".  As noted, with the exception of $8.61, all of the interest that had previously accrued was assessed and paid as of March 26, 1993.  Petitioners' use of the term "shortly" is expansive, to say the least.

The Appeals officer assigned to the matter prepared a detailed chronology of events relevant to the determination of petitioners' 1989 Federal income tax liability.  Petitioners apparently were provided a copy of this chronology before February 23, 2001, as their letter to respondent on that date makes reference to it.  In a note included within the chronology

the Appeals officer observes that the $3,506 payment that respondent applied to 1989 pursuant to petitioners' designation is the amount agreed upon in settlement of petitioners' 1990 Federal income tax liability. According to the Appeals officer, "it might have been * * * [petitioners'] intent to file an interest abatement request with respect to TY1990 rather than TY1989". Neither party commented on this observation in any document submitted in this proceeding.

## Discussion

It appears to us that the observation of the Appeals officer is well made. Nevertheless, taking our lead from the parties, we ignore the possibility that this proceeding results from a mistaken reference to 1989 and consider whether respondent's failure to abate some of the interest applicable to petitioners' Federal income tax for that year is an abuse of discretion. For the following reasons, we hold that it is not.

In general, interest on a Federal income tax liability, including a deficiency, begins to accrue on the due date of the return and continues to accrue, compounding daily, until payment is made. See secs. 6601(a), 6622.

The Commissioner has the authority to abate the assessment of interest on a deficiency or payment of income tax if the accrual of such interest is attributable to an error or delay by an official or employee of the Internal Revenue Service in

performing a ministerial act.  Sec. 6404(e)(1).[7]  A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment.  Lee v. Commissioner, 113 T.C. 145 (1999); sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).  The relief contemplated by section 6404(e) requires the existence of some "erroneous or dilatory performance of a ministerial act" by the Commissioner's employee that resulted in the interest that the taxpayer is seeking to have abated.

In this case, petitioners state that they have a "good faith belief that delays occurred in performing ministerial acts", but they have nowhere identified those ministerial acts or what delays were caused as a result of those unidentified ministerial acts.

We have reviewed the history of the examination of petitioners' 1989 Federal income tax return as set forth in the Appeals officer's chronology of events and find nothing out of the ordinary in either the sequence of events or the passage of time from event to event.  Petitioners' 1989 Federal income tax

---

[7]  Sec. 6404(e) was amended by sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" or ministerial acts.  The amendment is effective for interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996, and is therefore inapplicable here.

return was timely filed and selected for examination approximately 1 year later. Approximately 7 months later the revenue agent's report was issued proposing adjustments similar to those made in other years. Less than a year after the return had been selected for examination, and within months of the issuance of the revenue agent's report, respondent issued a notice of deficiency determining a deficiency in petitioners' 1989 Federal income tax.[8] Petitioners failed to timely petition this Court in response to that notice, and the deficiency, a penalty, an addition to tax, and interest were appropriately assessed. We find no delay in the assessment process as outlined above, much less any dilatory or erroneous act by respondent's employee in performing a ministerial act that caused any delay.

The interest that accrued on petitioners' 1989 Federal income tax liability resulted from petitioners' failure to pay their 1989 Federal income tax liability when due. Section 6404(e) does not authorize the abatement of interest upon that ground, and respondent's refusal to grant such an abatement is not an abuse of discretion. See Donovan v. Commissioner, T.C. Memo. 2000-220; Douponce v. Commissioner, T.C. Memo. 1999-398.

---

[8] We note that an "unreasonable delay in the issuance of a statutory notice of deficiency after the IRS and the taxpayer have completed efforts to resolve the matter" could be a ground for abatement of interest under sec. 6404(e), see H. Rept. 99-426, at 845 (1985), 1986-3 C.B. (Vol. 2) 1, 845, but there was no such delay in this case.

To reflect the foregoing,

Decision will be

entered for respondent.